IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Civil Action No. 7:07-2784-HFF-WMC |
| Plaintiff, ) | |
| ) | |
| Jennifer Fowler, ) | **O R D E R** |
| ) | |
| Plaintiff/Intervenor, ) | |
| vs. ) | |
| ) | |
| Spartanburg County, South Carolina, ) | |
| ) | |
| Defendant. ) | |
| ) | |

       This matter is before the court on the defendant's motion for more definite statement and to strike pursuant to Federal Rule of Civil Procedure 12(e) and (f). In its complaint, the plaintiff United States of America alleges the defendant discriminated against Jennifer Fowler on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, by subjecting her to a hostile work environment and failing or refusing to take appropriate action to remedy the effects of discrimination. Ms. Fowler filed a complaint in intervention on October 31, 2007.

       The defendant argues that paragraph five of the plaintiff's complaint is not sufficiently pled because the plaintiff has failed to include a short, plain statement of the claim and instead has merely made conclusory allegations. The plaintiff argues that the complaint is sufficient to put the defendant on notice of allegations it has violated Title VII by subjecting the plaintiff to a hostile work environment and failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment. This court agrees that the plaintiff's complaint is sufficient to satisfy Rule 12(e).

The defendant next argues that part of the second sentence in paragraph six of the complaint should be stricken because it is immaterial and impertinent and also because evidence of compromise or settlement are inadmissible under Federal Rule of Evidence 408.  In the contested sentence, the complaint states that the EEOC "attempted unsuccessfully to achieve through conciliation a voluntary resolution of the charge and subsequently referred the matter to the Department of Justice."  The plaintiff counters that the sentence simply pleads one of the prerequisites to bringing suit pursuant to Title VII.[1]  The plaintiff further notes that the language does not mention any specific allegations of a failed offer to settle the case, and the language does not prejudice the defendant.

Based upon the foregoing, the defendant's motion for more definite statement and to strike is denied.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

December 18, 2007

Greenville, South Carolina

---

[1] Title 42, United States Code, Section 2000e-5(f)(1) provides that if a charge is against a state or local government employer and the EEOC "has been unable to secure from the respondent a conciliation agreement acceptable to the [EEOC]," the EEOC is required to refer the matter to the Attorney General, who may then file an action in federal district court.