UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>Plaintiff, )<br>)<br>JENNIFER FOWLER, )<br>Plaintiff-Intervenor, )<br>)<br>v. )<br>)<br>COUNTY OF SPARTANBURG, )<br>SOUTH CAROLINA, )<br>Defendant. ) | Civil Action No. 7:07-CV-2784-HFF-WMC |

## CONSENT DECREE

This action was brought by the United States against the County of Spartanburg, South Carolina (the "County") to enforce the provisions of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e, *et seq.*, ("Title VII"), following receipt by the United States from the Equal Employment Opportunity Commission of a charge of discrimination filed by Jennifer Fowler (EEOC Charge No. 146-2004-01418). This Court has jurisdiction of the action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1345. On August 20, 2007, Jennifer Fowler filed a Motion to Intervene. The Court granted the motion on September 11, 2007. On October 31, 2007, Plaintiff-Intervenor, Fowler filed a Complaint in Intervention.

In its Complaint, the United States alleges that the County discriminated against Jennifer Fowler on the basis of her sex, female, in violation of Section 703(a) of Title VII, among other ways, by:

(a)   Creating or maintaining a hostile work environment based on sex that adversely affected the terms, conditions and privileges of Ms. Fowler's employment as a Senior Sign Technician in the County's Roads and Bridges Department; and

(b)   Failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment of Ms. Fowler.

In Plaintiff-Intervenor's Complaint, Ms. Fowler alleges violations of Title VII, as well as violations of several state statutes.

The County denies that it has discriminated against Ms. Fowler and denies that it has violated Title VII or any state statute. Nevertheless, the United States, Plaintiff-Intervenor and the County, desiring that this action be settled by an appropriate Consent Decree ("Decree"), and without the burden and risks of protracted litigation, agree to the jurisdiction of this Court over the parties and the subject matter of this action. The United States, Plaintiff-Intervenor and the County also hereby waive, for purposes of this Decree only, hearings and findings of fact and conclusions of law on all issues, and further agree to the entry of this Decree as final and binding with regard to the issues raised in the United States' complaint and in Plaintiff-Intervenor's complaint in this case.

This Decree, being entered into with the consent of the United States, Plaintiff-Intervenor and the County, shall in no way constitute an adjudication or finding on the merits of the case, nor be construed as an admission by the County or a finding of wrongdoing or violation of any applicable federal or state law or regulation.

In resolution of this action, the parties hereby AGREE to, and the Court expressly APPROVES, ENTERS and ORDERS, the following:



2

## GENERAL RELIEF

1. The County, by and through its officials, agents, employees and all persons in active concert or participation with the County in the performance of employment or personnel functions, shall not engage in any act or practice that discriminates against any employee or applicant on the basis of sex in violation of Title VII.

2. The County shall not retaliate against or in any way adversely affect the terms and conditions of employment of any person because that person has opposed any practice made unlawful by Title VII, filed a charge with the Equal Employment Opportunity Commission ("EEOC"), or testified, assisted or participated in any manner in an investigation, proceeding or hearing under Title VII, including this case or this Decree.

3. Within ninety (90) days from the date of entry of this Decree, the County shall modify its anti-discrimination policies and procedures that prohibit sex discrimination under Title VII. These modifications shall include:

   (a) A clarification of what constitutes a "formal complaint" of harassment under the County's policy;

   (b) A description of the circumstances under which an internal investigation of a complaint of harassment will be initiated; and

   (c) A clarification of what constitutes a "prompt" investigation of harassment under the County's policy.

4. Within ten (10) days from the date on which the County implements the modified policies and procedures set forth in Paragraph 3, above, the County shall distribute copies of such modified policies and procedures to all employees in the County's Roads and Bridges Department,

and post such modified policies and procedures in all places used for posting general information to employees in the County's Roads and Bridges Department.

5. No later than ninety (90) days from the date of entry of this Decree, the County shall provide, at its own cost, mandatory training on the law of equal employment opportunity and prohibited discrimination based on sex to all supervisory employees in the County's Roads and Bridges Department, including all managers. The training shall, at a minimum, include an explanation of the County's policies and procedures, modified as set forth in Paragraph 3, above. The County will select, with the concurrence of the United States, a qualified individual or group of individuals to conduct the training outlined in this paragraph. The United States' concurrence will not be unreasonably withheld. The United States will review and approve any proposed training program prior to its administration.

6. All persons who undergo the training described in Paragraph 5, above, shall sign an acknowledgment of attendance at the training. Within ten (10) days after such training, the County shall provide the United States with written confirmation that all persons covered by Paragraph 5, above, attended the training. The County will keep on file all signed acknowledgments for the duration of the Decree.

7. The County shall retain during the term of this Decree all documents, in paper or electronic form (including electronic mail), that come into its possession that are: (a) related to complaints of sex discrimination (formal or informal) made by employees in the County's Roads and Bridges Department; and/or (b) related to the training provided for under this Decree.

8. The United States may review compliance with this Decree at any time. As part of that review, the County shall provide copies of any documents relevant to the County's

4

compliance with this Decree upon the request of the United States, including but not limited to the documents described in Paragraphs 6 and 7, above.

## SPECIFIC RELIEF

9. Without admitting the allegations of the United States and Plaintiff-Intervenor, and in settlement of the United States' claims for relief for Ms. Fowler, as well as in settlement of the claims of Plaintiff- Intervenor who, by her signature to the release attached as Appendix A and the signature of her counsel to this Consent Decree accepts the relief to be given her pursuant to this Decree, the County shall do the following:

    (a)    Pay Ms. Fowler a monetary award, inclusive of attorney's fees, of $225,000; and

    (b)    Pay to Ms. Fowler, in care of her attorney, the monetary award specified in paragraph 9 a, above, within thirty (30) days of the entry of this Decree. The County also will issue to Ms. Fowler such appropriate tax forms as may be required by law.

## DISPUTE RESOLUTION

10. The parties to this Decree shall attempt to resolve informally any disputes that may occur under this Decree. If the United States, the Plaintiff Intervenor and the County are unable to reach agreement after informally seeking to resolve a dispute, the issue may be submitted by any party to the Court for resolution upon at least thirty (30) days written notice to the other party.

11. All documents required to be delivered under this Decree to the United States shall be sent to the following address if sent by U.S. mail:


5

>Chief, Employment Litigation Section
>Civil Rights Division
>U.S. Department of Justice
>PHB, Fourth Floor
>950 Pennsylvania Avenue, N.W.
>Washington, D.C. 20530

Documents sent by overnight delivery service should be sent to the following address:

>Chief, Employment Litigation Section
>Civil Rights Division
>U.S. Department of Justice
>601 D Street, N.W., Room 4912
>Washington, D.C. 20004

12. All documents required to be delivered under this Decree to the Plaintiff-Intervenor shall be sent to the following address:

>Donald C. Coggins, Jr., Esq.
>Harrison, White, Smith & Coggins, P.C.
>Attorneys at Law
>178 West Main Street
>P.O. Box 3547
>Spartanburg, S.C. 29304

13. All documents required to be delivered under this Decree to the County shall be sent to the following address:

>S. Clay Keim, Esq.
>Ford & Harrison, LLP
>100 Dunbar Street
>Suite 300
>Spartanburg, South Carolina 29306



## JURISDICTION OF THE COURT

14. The Court shall retain jurisdiction over this Decree for the purpose of resolving any disputes or entering any orders that may be necessary to implement the relief provided in the Decree. At the end of two (2) years from the date of entry of this Decree, this Decree shall be dissolved and this action shall be dismissed without further order of the Court.

## GENERAL PROVISIONS

15. The parties shall bear their own costs, expenses, and attorney's fees in this action, except that the monetary award provided for in paragraph 9a, above, is inclusive of attorney's fees for Plaintiff-Intervenor and except that the parties shall retain the right to seek costs for any matter which, in the future, may arise from this Decree and require resolution by this Court.

It is so **ORDERED**, this 29 day of Sept., 2008.

_____
UNITED STATES DISTRICT JUDGE



**AGREED TO**:

For Plaintiff United States of America:

GRACE CHUNG BECKER
Acting Assistant Attorney General
Civil Rights Division

By: *[signature]*
JOHN M. GADZICHOWSKI
(WI Bar 1014294)
Acting Chief

*[signature]*
WILLIAM B. FENTON (DC Bar 414990)
Deputy Chief
ANTOINETTE BARKSDALE
(DC Bar  448204)
LESLIE M. GARDNER (CA Bar 228693)
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, N.W.
PHB, Fourth Floor
Washington, D.C.  20530
Telephone:  (202) 307-6012

*[signature]*
GEORGE CONITS (SC Bar No. 234)
Assistant United states Attorney
105 N. Springs Street
Suite 200
Greenville, S.C. 29601

For Plaintiff-Intervenor:

*[signature]*
DONALD C. COGGINS, JR., Esq.
(Federal ID 198)
HARRISON, WHITE, SMITH & COGGINS
Attorneys at Law
178 West Main Street
P.O. Box 3547
Spartanburg, S.C. 29304


For Defendant Spartanburg County:

*[signature]*
S. CLAY KEIM, Esq.
Ford & Harrison LLP
(Federal ID 10060)
100 Dunbar Street
Suite 300
Spartanburg, South Carolina 29306

8

**APPENDIX A**
**RELEASE**

State of South Carolina

County of Spartanburg

    I Jennifer Fowler, for and in consideration of accepting the relief to be provided to me pursuant to the provisions of the Consent Decree entered in *United States and Jennifer Fowler v. Spartanburg County, South Carolina*, Civil Action No. 7:07-CV-2784-HFF-WMC (D.S.C.) release and discharge Spartanburg County and its current, former and future officials, employees and agents, from all legal and equitable claims arising out of the complaint filed in that case, the complaint in intervention filed in that case, and EEOC Charge No. 146-2004-01418 occurring prior to the date of this Release.

    I understand that the relief to be given to me does not constitute an admission by Spartanburg County of the validity of any claim raised by me, or on my behalf.

    I acknowledge that a copy of the Consent Decree in this action was provided to me.

    I HAVE READ THIS RELEASE AND UNDERSTAND THE CONTENTS THEREOF AND I EXECUTE THIS RELEASE OF MY OWN FREE ACT AND DEED.

Signed this 23 day of September 2008.

_Jennifer Fowler_ (signature)
Jennifer Fowler
Social Security Number: 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

Subscribed and sworn to before me this
23 day of September, 2008.

_Notary signature_
Notary Public

My Commission expires:
10-30-13

9